IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ALLSTATE INSURANCE COMPANY,    )
   )
    Plaintiff,    )
   )
    v.    )   Civil Action No.:    1:14-cv-01244
   )
DR. ROBERT T. SHULL, Jr., et al.,    )
   )
    Defendants.    )
   )

## REPORT AND RECOMMENDATION

On Referral to this Magistrate Judge for determination and/or report and recommendation is the motion of the Plaintiff for default judgment against Defendants Dr. Robert T. Shull Jr.; Wandra R. Pugh; James K. Pugh; J.W. Easley; and Katina Johnson (D.E. 29). On March 19, 2015, a Scheduling Conference was held in this case in which the instant matter was discussed. It is recommended that the Court adopt the following order in its entirety.

PROPOSED ORDER

This case is before the Court upon an Order to Show Cause Why Plaintiff's Claims Against Defendants Shull, Wanda Pugh, James Pugh, Easley and Johnson Should not be Dismissed for Failure to Prosecute, entered by the Court on February 9, 2015, (D.E. 27), the Response to Show-Cause Order, filed by Plaintiff Allstate Insurance Company ("Allstate") on February 20, 2015, (D.E. 28), the Motion for Partial Default Judgment, filed by Allstate on February 20, 2015, (D.E. 29) and an Order of Reference, entered by the Court on February 23,

2015, (D.E. 30). Having duly considered the instant Motion and all other material items in the record, the Court finds that Allstate has established cause sufficient to allow Allstate to proceed with its claims in this case and further that the instant Motion is well-taken and should be granted. THEREFORE, this Honorable Court hereby ORDERS, ADJUDGES and DECREES as follows:

1)      The Court has jurisdiction over the subject matter of this case and over the persons of Defendants Dr. Robert T. Shull, Jr., Wanda R. Pugh, James K. Pugh, and Defendants J. W. Easley and Katina Johnson in their capacity as Administrators of the Estate of Brandon L. Easley, deceased;

2)      As to Defendants Dr. Robert T. Shull, Jr., Wanda R. Pugh, James K. Pugh, and as to Defendants J. W. Easley and Katina Johnson in their capacity as Administrators of the Estate of Brandon L. Easley, deceased, the Court ENTERS DECLARATORY JUDGMENT for Allstate through the following DECLARATIONS:

a) Regarding the vehicular collision occurring on or about November 17, 2013, on State Route 78 in Dyer County, Tennessee, ("the Collision"), which Collision forms the basis of the claims for damages asserted by the various defendants to this case against Defendants Dr. Robert T. Shull, Jr., Wanda R. Pugh or James K. Pugh in the Circuit Court of Tennessee or outside of court, all as further described in Allstate's Complaint for Declaratory Relief, (D.E. 6), and in Allstate's Notice of Filing, (D.E. 35), neither Defendant Dr. Robert T. Shull, Jr., Defendant Wanda R. Pugh nor Defendant James K. Pugh qualifies as an "insured person," nor does the Suzuki Forenza driven by Defendant James K. Pugh in the Collision qualify as an "insured auto," under the Allstate Policy, (D.E. 6-2);

b) The Allstate Policy, (D.E. 6-2), does not provide insurance coverage for any claims asserted by Defendant J. W. Easley or Defendant Katina Johnson in their capacity as Administrators of the Estate of Brandon L. Easley, deceased, against Defendants Dr. Robert T. Shull, Jr., Wanda R. Pugh or James K. Pugh in any way relating to the Collision;

c) Allstate is not obligated under the Allstate Policy, (D.E. 6-2), or upon any other judicially cognizable basis to defend, indemnify or otherwise act for the benefit of Defendants Dr. Robert T. Shull, Jr., Wanda R. Pugh or James K. Pugh in any way relating to any claims for damages asserted by Defendant J. W. Easley or Defendant Katina Johnson in their capacity as Administrators of the Estate of Brandon L. Easley, deceased, in relation to the Collision;

d) Allstate is no longer required to defend Defendant Dr. Robert T. Shull, Jr., against any claim for damages asserted by Defendants J. W. Easley and Katina Johnson in their capacity as Administrators of the Estate of Brandon L. Easley, deceased, against Dr. Shull, for which Allstate has been providing Dr. Shull a defense under non-waiver and reservation of rights, and Allstate may withdraw from providing him representation relative to such claims;

3) As to all other defendants, however, Allstate may proceed with this case to final disposition;

4) Allstate's instant Motion for Partial Default Judgment, (D.E. 29), is thus GRANTED; and

5)      The Court's Order to Show Cause Why Plaintiff's Claims Against Defendants Shull, Wanda Pugh, James Pugh, Easley and Johnson Should not be Dismissed for Failure to Prosecute, (D.E. 27), is thus OVERRULED and otherwise HELD NULL.

Respectfully Submitted this 10th day of April, 2015.


**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**